[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17450
Non-Argument Calendar

_____

D.C. Docket No. 6:14-cv-02004-PGB-KRS

HRCC, LTD.,
a British Virgin Islands Corporation,

Plaintiff-Counter Defendant-Appellant,

versus

HARD ROCK CAFE INTERNATIONAL (USA), INC.,
a Florida Corporation,
HAMISH DODDS,
an individual,
MICHAEL BEACHAM,
an individual,

Defendants-Counter Claimants-Appellees,

HARD ROCK LIMITED,
a Jersey Channel Islands Corporation, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 28, 2017)

Before HULL, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

HRCC, Ltd. appeals the district court's grant of summary judgment in favor of Hard Rock Café International (USA), Inc. ("Hard Rock"), Hamish Dodds, and Michael Beacham (collectively, the "Hard Rock defendants"). After careful review, we affirm the ruling of the district court.

## I.

HRCC owned the license to operate a Hard Rock Café franchise in Nassau, the Bahamas. After HRCC's franchise agreement was terminated, it sued Hard Rock, Dodds, and Beacham.[1] The subject of this appeal is Count One of that suit, in which HRCC alleged the defendants violated the Florida Deceptive and Unfair Trade Practices Act (the "Florida Act"), Fla. Stat. § 501.201.

In their motion for summary judgment, the Hard Rock defendants made two arguments about the damages element of HRCC's claim under the Florida Act. First, they argued HRCC's consequential-damages theory did not comply with the type of damages allowed under the Florida Act. They noted "claims [under the Florida Act] are limited to recovery of 'actual damages'—measured by the difference in market value of the product or service in the condition in which it was delivered according to the contract of the parties." Second, they argued HRCC had

---

[1] Dodds and Beacham were executives at Hard Rock.

failed to point to any evidence of actual damages.  HRCC did not respond to these arguments in its opposition to the summary judgment motion.

In granting summary judgment, the district court agreed that Florida courts have limited damages under the Florida Act to "direct damages, not consequential damages in the form of lost profits."  Citing from Rollins, Inc. v. Heller, 454 So. 2d 580 (Fla. 3d DCA 1984), the court said "actual damages" for the purposes of the Florida Act are defined as:

> [T]he difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties.  A notable exception to the rule may exist when the product is rendered valueless as a result of the defect—then the purchase price is the appropriate measure of actual damages.

Id. at 585 (quotation omitted and alterations adopted).  The court then explained that HRCC was required to point to evidence that it suffered actual damages under the Florida Act to survive summary judgment.  The district court found HRCC "[made] no attempt to clarify the issue of damages" in its response brief.  It added that its own review of the record did not reveal any evidence that would satisfy the damages element of the Florida Act.  The court therefore found HRCC failed to give evidentiary support to an essential element of its claim.  As a result, the district court concluded the Hard Rock defendants were entitled to summary judgment.  HRCC timely appealed.

3

II.

We review <u>de novo</u> a district court's grant of summary judgment, "taking all of the facts in the record and drawing all reasonable inferences in the light most favorable to the non-moving party." <u>Peppers v. Cobb Cty.</u>, 835 F.3d 1289, 1295 (11th Cir. 2016). Summary judgment is proper where "a party [] fails to make a showing sufficient to establish the existence of an element essential to that party's case." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

A.

HRCC first argues the district court erred in applying the <u>Rollins</u> definition of actual damages under the Florida Act. It says there are persuasive reasons to believe the Florida Supreme Court would adopt a broader interpretation of actual damages that is equivalent to compensatory damages.

HRCC's argument ignores that this Court has adopted the <u>Rollins</u> definition of actual damages. <u>See</u> <u>Carriuolo v. Gen. Motors Co.</u>, 823 F.3d 977, 986 (11th Cir. 2016). We are bound to follow prior panel precedent even when addressing state-law issues, unless the state law changes or later state court or United States Supreme Court decisions cast doubt on the prior panel's interpretation of the state law. <u>See</u> <u>World Harvest Church, Inc. v. Guideone Mut. Ins. Co.</u>, 586 F.3d 950, 957 (11th Cir. 2009); <u>Venn v. St. Paul Fire & Marine Ins. Co.</u>, 99 F.3d 1058, 1066 (11th Cir. 1996). HRCC does not point to any intervening changes in the law that

4

would cast doubt on the validity of our interpretation of the Florida Act in Carriuolo.  We therefore conclude the district court applied the correct definition of actual damages.

B.

HRCC next argues that its claim under the Florida Act should survive summary judgment even under the Rollins definition of actual damages.  As mentioned earlier, HRCC did not argue the issue of actual damages and neither did it point to evidence of actual damages in its response to the defendants' summary-judgment motion.  In this appeal, HRCC makes arguments about actual damages based on evidence in the record from below, but never cited to the district court before that court entered judgment.  HRCC asserts the district court was required to review all of the evidence submitted by the parties with their summary-judgment briefs, even if HRCC did not cite to that evidence in its brief opposing summary judgment.  However, we do not place this type of burden on district courts.

"Presenting [] arguments in opposition to a motion for summary judgment is the responsibility of the non-moving party, not the court."  Blue Cross & Blue Shield of Ala. v. Weitz, 913 F.2d 1544, 1550 (11th Cir. 1990).  Federal Rule of Civil Procedure 56(c) requires parties to "cit[e] to particular parts of materials in the record" and says "[t]he court need consider only the cited materials."  Fed. R. Civ. P. 56(c)(1), (3).  This rule was implemented so that a "court may decide a

5

motion for summary judgment without undertaking an independent search of the record." Fed. R. Civ. P. 56(c)(3) advisory committee's note to 2010 amendment. The district court therefore made no error when it pointed to HRCC's failure to cite evidence in support of damages as the basis for entering summary judgment for the defendants. See Celotex, 477 U.S. at 322, 106 S. Ct. at 2552; Dolphin LLC v. WCI Cmtys, Inc., 715 F.3d 1243, 1250 (11th Cir. 2013) (per curiam) (holding a plaintiff making a claim under the Florida Act must provide evidence of damages to survive summary judgment).

**AFFIRMED.**